Thank you, Your Honor. Good afternoon. My name is Andrew Yaffe. I represent Plaintiff Appellant John Flowers. I'd like to reserve two minutes for a moment. May it please the Court. Given Apolli's concession that this case must be remanded, the principal issue before the Court today is whether Mr. Flowers' complaint states a claim. Is it? I mean, why don't we... Apolli says you should be allowed to amend your complaint, correct? It's not actually clear what the nature of the concession is in Apolli's brief, but... Okay, but let's assume that they're conceding that, because if they're not conceding that, I'm going to have a difficult time with them. But they seem to be conceding that, that you should be allowed to amend your complaint. Why do we have to decide now whether an amended complaint that you haven't filed yet states a claim? I'd answer that in two ways, Your Honor. First, I would say the issue as to the Eighth Amendment claim is fully briefed before the Court. It's quite clear that Mr. Flowers alleged both the objective and subjective... No, I understand your position, but do we even know that that will be an issue once you amend your complaint? What will be an issue, Your Honor? That whether or not the Eighth Amendment claim, whether or not your Eighth Amendment allegations state a claim. Aren't you asking for an advisory opinion? The students study what, you know, what standing is or what things the courts decide. No, Your Honor, I'm asking you to hold that it states a claim as a matter of law and remand to the district court. Even though you haven't filed it yet, right? No, the original complaint. Our position is that the complaint as filed in the district court by Mr. Flowers on his original allegations states a claim under the Eighth Amendment. But didn't you seek below in the alternative, or you're arguing that you should have been accorded below in the alternative, the ability to amend your complaint? That's correct. And you fully intend to? Yes. So, I guess I ask my question again. I understand your position. We send it back to the district court with instructions that you be allowed to amend your complaint. I don't know that the state will move to dismiss that complaint. The state may say, yes, it does state a claim. Let's move on to discovery or whatever. So, why do we need to rule now that an amended complaint that you haven't filed yet states a claim? To be clear. I understand why you'd like it, but wouldn't it just be easiest? I understand you have a separate concern with the trial judge and those things. We can get to them later. But in a normal course of events, I would think if you weren't fighting about who the trial judge was, we'd just have a stipulated judgment here, and you'd go back and amend your complaint, and we'd see what happens. Your Honor, I would disagree with your statement that this is a normal course of events. And I'd point the court to two recent Ninth Circuit decisions that have done exactly what we would like on the same procedural posture. The first such case is Rosati v. Igbenoso, which is a procuring opinion this court issued last year. It's procedurally identical to this case. A pro se plaintiff proceeding with an Eighth Amendment claim. In that case, the serious medical need was gender dysphoria. On appeal, the appellees conceded the need for amand, and this court held that notwithstanding that concession, the pro se complaint, though not drafted with the skill and artistry one would expect from counsel, stated a claim under the Eighth Amendment and remanded for proceedings appropriate with that. The second such case is Akhtar v. Mesa, which we discussed extensively in our brief. Rosati, you may discuss it in your brief, but I don't have it at hand. Can you give me the cite for it? I can in one moment, Your Honor. It's cited in our brief at page 29 and following. Okay, then I'll find it. Yep. And Akhtar is the same way. In Akhtar, again, a prisoner, again, proceeding on an Eighth Amendment claim, he alleged that his medical chrono, which is a file containing information about his medical record, stated that he had it to be given ground for bunk. He alleged that he had shown this chrono to prison officials so they knew of it. He alleged they ignored it. And, again, this court stated that that was enough to state a claim under the Eighth Amendment and remanded with that as the holding. And that's your count two, is it not? Yes, that's the second cause of action. Okay. What's your position with respect to count three? Does it currently state a claim? My position is that read liberally, it could be read to state a claim for failure to warn of the dangers of Zyprexa, but we would be happy if the court would remand solely to allow him to amend to state it more clearly because, admittedly, it mingles several different kinds of allegations. And am I correct in assuming that you're no longer pursuing count one? Count one we are not pursuing. I believe it's stated in our brief that under the heck doctrine and its progeny, we don't feel that we can pursue that. Can you address your request for remand to a different judge? Yes, Your Honor. While recognizing that remand is reserved by this court for unusual circumstances, we submit that the two circumstances identified in our brief provide a sufficient basis for this court to at least consider remanding to a different judge. Well, but really, the judge didn't really have a chance to do much of anything yet. There's not – it's not the – the judge didn't really – didn't, you know, it doesn't appear showed any animus towards your client. I mean, obviously, he was a pro se at the time, and it can be difficult, you know, getting the facts out at that particular time, but this just doesn't seem to smack a bat here. I mean, are you going by this judge's reputation or something? Your Honor, the first thing I would say is this is an issue that my client feels very strongly about, and so we're pursuing it because he feels he cannot get the justice he wants from this particular judge. The second point I would say is – Well, but that may often occur, and that's why – I see the point, Your Honor. That's why we're here. I understand. So the question is, well, how does this meet our standards for remand to a different judge? Our standards require some sort of showing other than the judge made a bad ruling. No, I agree. Because otherwise we'd be changing judges every time we reverse. I entirely agree, Your Honor. There's certainly no bright-line rule saying that procedural error of this nature demands that it be reassigned. As far as I know, there are no bright-line rules in this area, period. It's solely on a case-by-case basis. The strongest argument I think we have is on remand, unless counsel is appointed for Mr. Flowers, he'll again be proceeding pro slae. His future pleadings will be his own, as were the initial pleadings in the district court in this case. So that leads to my question. Thank you. I want to interrupt you at this point because it's important to me. If we were to appoint counsel, would remand to a different judge be warranted? I would be perfectly happy if you appointed counsel and represented him. I think the challenge on remand is going to be for the judge, if Mr. Flowers is proceeding pro slae, to distinguish between cogent allegations that he makes, such as the Eighth Amendment claim in the original complaint, and allegations that are unfortunately shadowed by his medical condition. If he has appointed counsel, I don't think that'll be an issue. If the panel has no further questions, I'm happy to reserve the rest of my time. Thank you. Good afternoon. Good afternoon, Your Honors. May it please the Court, my name is Clark Leslie. It is my privilege to appear on behalf of the defendants, Cedro Baca and the Department of Corrections. Do you want to address, get right to the chase on I think the questions Judge Hurd-Witt had? I will. Thank you, Your Honor. As you know, I have more or less recused because of ethical considerations that the case has been more or less determined at the screening stage under 28 U.S.C. section 1958, 15A, and there is literally no record upon which a determination could be made from my point of view in order to offer any kind of an argument. Now, having said that, I agree with what Judge Hurd-Witt had discussed, and that is while I do not oppose a remand, I do believe it would be error for the Court to make a determination that a claim has been made. Why? We have a complaint, 12B6, we rule in the face of the complaint. The district judge said on the face of the complaint there's no claim. He may have been right, he may have been wrong. You're perfectly happy to let it be amended to fix it. I understand that, but why couldn't we say, no, the judge was wrong. This does state a claim. The state's perfectly happy to have them amended to make it better on remand, and we appreciate the state's position on that, and the district court should do it, but we just read the face of the complaint. That's all we do. Why can't we find that it's stated a claim? The court not only reads the face of the complaint, but it also assumes the allegations to be true. I fully understand that, Your Honor. In this particular instance, a reading of the complaint and giving all inferences in favor of the plaintiff does not state a claim. At the risk of sounding pedantic, we all know that the concept of deliberate indifference falls under the Eighth Amendment, and that, in turn, under Farmer v. Brennan and Estelle v. Gamble, requires a bipartite review of two elements, the objective and subjective. The objective, as you know, asks a number of questions. Well, are you saying as a matter of law all it says is malpractice and not deliberate indifference, or what are you saying? Well, I'm saying that the complaint itself, as it currently stands, does not fulfill the bipartite test of objective and subjective types of liability. Objectively, there must be a showing that the minimal standards of decency, as that term is defined by an evolving society, have not been met, or, subjectively, there is a state of mind requirement, and that is that the defendants were not only aware of a risk, but they entertained that notion and acted upon it anyway with the knowledge that there was a risk. When we take the entirety of the complaint as it is stated and give every due inference and projection to the plaintiff, you do not have a fulfillment of the subjective element. We have complaints that there was not knowledge, that certain things were done in terms of the treatment, in terms of Zyprexa, but we do not know many, many facts, nor are they alleged in the complaint. For example, when did the treatment start? How long was it? Very important, did the defendants know or not know about the unique concerns that the manufacturer had about Zyprexa? And furthermore, whether or not my clients recognized a serious risk of harm and proceeded to give this medication to Mr. Flowers nonetheless. Without those elements being properly argued, we would suggest and argue to this Court there is not a claim under the Eighth Amendment. And for that reason, because there is not deliberate indifference, while we do concede, and I do so painfully because I have yet to meet an attorney more competitive than I am, I do remind myself that I am an advocate second and an officer of the Court first. And I truly and honestly could not advocate or provide an argument in this case with zero facts in the record. Nonetheless, I would— I'm not quite—you used the word recused in the beginning, and I don't really quite understand that. Well, I was kind of looking at it from an approach of a judicial determination. Actually, what I'm doing is I have to more or less concede that a remand should occur. Well, sure, because the case law is very clear, and I applaud the State for doing so, that when the complaint might be remedied by better allegations, particularly when it's a pro se litigant, the district judge errs in dismissing it at the screening stage without giving leave to amend. So you've taken the appropriate position. What's your position with respect to appointment of counsel? Again, I looked at that carefully. And in terms of the interests of my client, I found several of the indicia that were present that would allow me to challenge that appointment. First, when I looked at the informal brief that was filed by the appellant, other than a misspelling of the word interference and grammar and syntax problems, he actually articulated the claims quite well. He set forth an accurate chronology, as best we could tell. He identified the drug. He talked about the forced medication protocols. He talked about dates, times, places, and details. But the bottom line is you'd rather go against the pro se than this guy over here. No, I would rather advocate on behalf of my client those things than I can advocate. And one of them says that if an inmate is capable of articulating his claim and understanding it, we may oppose the appointment of counsel. But why? Why in this case? Wouldn't this case, we have an inmate who claims that he has been mentally affected by the administration of psychotropic drugs, as I understand it. It's more complicated, but that's what he says. It doesn't seem to me the guy you want to be formulating pleadings in response to motions to dismiss and responses to motions for summary judgment. Mr. Yaffe may do a better job at it, I think. Hard to argue with that, Your Honor. I am duty-bound to advocate motions that are taken in good faith from my client. Well, what about the extraordinary circumstances here? Do you think that they're met or not? Extraordinary circumstances is a close call because I don't have a record upon which I can determine the degree to which Mr. Flowers has emotional difficulties. All I had. Well, no, but basically when you're looking at if you don't send it back to the same judge, the judge made a mistake. You've conceded that. He needs to be allowed to leave to amend under the law, right? So the judge made a mistake. Is there anything else in the record that you see? I mean, generally we're looking. Sometimes a judge could say something like, no, I'm not going to allow you to leave to amend and don't ever show your face again in my court or it's going to be doomsday for you. If we looked at something like that, we'd probably think, well, when we say the judge got it wrong, we're probably thinking the person might not get a fair shake. What about this record? In terms of the record and in terms of sending it back to Judge Jones, and this is the second time within a year I've been asked by the Ninth Circuit to guess as to the mindset of Judge Jones. You've developed some expertise on it because I suspect it's going to occur again. Yeah, that one was a jury trial where I was asked what was Judge Jones thinking when he agreed that it would be okay to let the jury know that this individual was on death row. And now again, I'm being asked what may have been in Judge Jones' mind when he decided to rule under 1915A and not grant a legal… Well, what's there in the record? I mean, it sounds like in the other there are factual instances. What is in the record here from your perspective, you know, and the law on exceptional circumstances, is there anything there that would indicate that this defendant, that there would be animus or could not get a fair shake going back? In terms of extraordinary circumstances from the point of view of the jurist, I don't see any. What about the dismissal of the habeas petition, which probably wasn't an appropriate habeas petition, but that's a separate issue. It was file pro se and he said, I don't believe anything in this or some words to that effect. The same subject matter, isn't that enough? In fairness to the judge, he also said that he thought that because the public defender was also involved, the local rules prevented him from advocating his case as long as he had counsel's record, and that probably wasn't correct either. But I think that he focused primarily on that. You're asking me to explain some difficult matters. Again, all I can say is in terms of your question, Judge Callahan, extraordinary circumstances, I'm not sure. All I have is a pretty well-written appellant's informal brief and a not-so-well-written complaint for damages. But when I look at the standard about whether this is an individual who has demonstrated that he can articulate and understand his claims, I had no problems in opposing this. I will also share with you I have no problems if you decide he should have an attorney. So I explained to my esteemed colleagues and honorable opponents, I thanked them for their willingness to serve in the pro bono area. My job is actually quite easier when we have an attorney on the other side. We don't have the handwritten stuff. We have cogent, understandable arguments. So it's not per se wanting to try to pick. I think we've put you enough on the spot. I had an appearance this morning before the court in San Francisco, which is why you granted me second on the calendar. I'm used to being put on the spot today. All right. Well, thank you for your argument. I hope you did as well this morning as you did this afternoon. Thank you. Thank you, Your Honor. I have about three minutes for rebuttal and four points I'm going to try to hit, barring questions. First, opposing counsel suggested for the first time in this appeal that Mr. Flowers' Eighth Amendment claim fails because it did not meet the subjective prong. I'd like to point the panel to two passages in the ER that clearly meet the subjective prong. First, at ER 27, which is page 5 of the handwritten complaint, plaintiff asserts psychiatrist knew, parenthesis 2003, of the dangers of the drug Zyprexa being informed by the drug maker and cruelly ignored the risk of diabetes. Similar allegations appear on page ER 47, which is his statement of his second cause of action in the complaint, in which he said again, defendants chose to ignore the warnings of Zyprexa and the substantial risk. That's exactly what's required by this court's precedent as to the subjective prong. So it is alleged in this complaint. The second point I'd like to make is the argument presented here about the record, which we also saw in the answering brief. The argument he presented here belies this notion that there was no record below. He could have easily presented in the answering brief the very argument he just presented, that the complaint fails to state a claim because its allegations don't meet the circuit's pleading requirements. That's precisely what he did not do in the brief, and as the authority cited in our reply brief shows, any unbrief theory presented at oral argument is deemed waived. The third point I'd like to make is about appointment, which is also discussed here. There's two subpoints here. First, Mr. Flowers' motions make clear that he was helped by jailhouse lawyers in presenting the pleadings as cogently as he did in the district court. As is indicated in our opening brief, in the pendency of this appeal, Mr. Flowers was transferred from prison in Nevada to prison in Arizona, where he now resides. There's nothing in the record to indicate that he'll have similar assistance from jailhouse lawyers there, and indeed, We have lots of them. I'm sure they're equally good in Arizona, Your Honor. You're not slurring our jailhouse lawyers. I apologize for any calumny I would have suggested on the jailhouse lawyers of Nevada or Arizona. Nonetheless, I would say any cogency that is read, especially the well-pleaded claims that Mr. Flowers presented before the district court, should not be held against him in terms of appointment. The final point I'd like to make is as to reassignment. Respectfully, Your Honor, I don't think this court's standards require a showing of animus for reassignment to be required. They require a showing of something, don't they? They do require a showing of something. What's the something here? Again, as we said in our brief, I believe it's a combination of the procedural dismissal Bad mistake. Bad judging. and the separate habeas order in which it gratuitously referred to certain allegations as delusional while completely passing over allegations that are arguably cogent. And again, if there's no appointment of counsel on remand, it's likely the case that Mr. Flowers' further pleadings, as I said before, are going to be shadowed by his illness, and it doesn't seem clear that the district judge is going to be able to view them with the liberality required by this court's precedent. Do you have any information if we send it back without directing a different district judge, whether this district judge will automatically get the case? I would assume so under the standard procedures, Your Honor. I don't know why he wouldn't. Okay. I asked if you had any information. That's all I really know. All right. Thank you. You're welcome, Your Honor. All right. Thank you both for your helpful argument in this matter. It will be submitted.
judges: Callahan, Hurwitz, Owens